IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIZABETH RAMOS-RODRIGUEZ,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

Civil No. 13-01464 (ADC)

**OPINION AND ORDER**

Currently before the Court is U.S. Magistrate Judge Justo Arenas' Report and Recommendation ("the R&R"), recommending that plaintiff Elizabeth Ramos-Rodríguez's ("plaintiff") complaint (**ECF No. 1**) be dismissed and the decision of defendant, the Commissioner of Social Security ("defendant"), be affirmed. **ECF No. 20**. The R&R was filed on January 14, 2015, and, although more than 14 days have since passed, objections to the R&R have not been filed.

**I.**    **Procedural History**

On June 13, 2013, plaintiff filed a complaint for review of defendant's decision to deny her social security benefits. **ECF No. 1.** In a subsequent memorandum of law (**ECF No. 16**), plaintiff argued that defendant's decision should be reversed, or the case remanded, because substantial evidence did not support the finding that she was not disabled. *Id*. at 5-12. Specifically, plaintiff argued that defendant failed to give deference to the medical opinion of her treating physician, Dr. Armando L. Pérez de Jesus ("Dr. Pérez"), improperly gave the medical opinion of Dr. Manuel A. Brignoni ("Dr. Brignoni") greater weight, improperly found that Dr. Pérez's opinion was inconsistent with the record, improperly concluded that plaintiff took less medication in 2012, and failed to consider the side effects of her medication. *Id*.

at 6-10. Plaintiff also challenged defendant's determination that there were jobs in the national economy that she could perform. *Id*. at 10-12.

Defendant filed a memorandum of law in opposition to plaintiff's arguments, asserting that substantial evidence supported its decision that plaintiff was not disabled for purposes of obtaining social security benefits. **ECF No. 18.** Plaintiff then filed a reply, reiterating the arguments raised in her memorandum of law.[1] **ECF No. 19.** On January 9, 2014, the Court referred the case to Magistrate Judge Arenas for a report and recommendation on the requested relief. **ECF No. 11.** Thereafter, the Magistrate Judge entered the R&R, recommending that the complaint (**ECF No. 1**) be dismissed and the decision of defendant be affirmed as supported by substantial evidence. **ECF No. 20.** After reaching this recommendation, the Magistrate Judge also forewarned that written objections to the same were required within 14 days. *Id*. at 13-14. Despite this warning, more than 14 days have now passed since entry of the R&R, and no objections have been filed.

## II. Review of a Magistrate Judge's Report and Recommendation

A district court may refer pending motions to a magistrate judge for entry of a report and recommendation. 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a). The court is free to accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge. 28 U.S.C. §636(b)(1). A party is entitled to a *de novo* review of "those portions of the report . . . to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406 (1980)). Absent a proper objection, though, the Court need only satisfy itself that there is no plain error in the Magistrate Judge's findings in order to adopt the same. *López-Mulero v. Vélez-*

---

[1] Plaintiff also argued that defendant's memorandum of law in opposition was untimely filed. **ECF No. 19** at 1-2; *see also* **ECF No. 17**. However, in its memorandum, defendant explained the reason for its delay in filing the opposition, **ECF No. 18** at 1 n.1, which the Court considers genuine and justifies the late filing.

*Colón*, 490 F. Supp. 2d 214, 217-218 (D.P.R. 2007); *see also* Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983). Thus, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

**III. Legal Standard**

The denial of social security disability benefits must be upheld provided that the Commissioner of Social Security ("the Commissioner") has committed no legal or factual errors in evaluating a claim. *Manso-Pizarro v. Sec'y of Health & Human Services*, 76 F.3d 15, 16 (1st Cir. 1996). Findings of fact are upheld if supported by substantial evidence in the record as a whole, which means "more than a mere scintilla" or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Housing & Urban Dev.*, 620 F.3d 62, 66 (1st Cir. 2010) (quotation omitted) (involving review of a final order of the Secretary of Housing and Urban Development).

**IV. Discussion**

The Court notes that, before the administrative law judge ("ALJ"), this was a particularly close case, with conflicting medical opinions from, on one side, plaintiff's treating physician, Dr. Pérez, and, on the other, examining and non-examining physicians, specifically, Dr. Brignoni, Dr. C. Jusino-Berrios, Dr. Mayra Vera-Ramírez, and Dr. Ramón Luis-Alonso. Resolving this conflict, however, is not the Court's role, instead, it was the ALJ's prerogative, so long as it was supported by substantial evidence. *See, e.g.*, *Libby v. Astrue*, 473 F. App'x 8, 9 (1st Cir. 2012); *Vázquez-Rosario v. Barnhart*, 149 F. App'x 8, 10 (1st Cir. 2005).

Here, the medical opinions of Dr. Brignoni, Dr. Jusino, Dr. Vera, and Dr. Luis-Alonso provide substantial evidence for defendant's determination of residual functional capacity ("RFC"). Although Dr. Pérez's medical opinion provides support for an alternative RFC determination, the ALJ was not required to assign it greater weight. *Rodríguez-Pagán v. Sec'y*

Civil No. 13-01464 (ADC) | Page 4

*of Health & Human Services*, 819 F.2d 1, 3 (1st Cir. 1987); *see also* 20 C.F.R. § 404.1527(c)(2) (providing that a treating source's opinion will be given controlling weight *if* it is well-supported by clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence). In turn, the ALJ's step 5 determination was supported by the substantial evidence of the vocational expert's testimony. Although plaintiff challenged the premise of the vocational expert's testimony in her memorandum of law, the ALJ's hypothetical question was based upon facts that the ALJ had deemed relevant based upon its RFC determination. Given that the RFC was sufficiently supported, this was not error. *See Padilla v. Barnhart*, 186 F. App'x 19, 21 (1st Cir. 2006) ("If a vocational expert's testimony is to have any probative value, the hypothetical questions posed to the expert must contain the relevant facts.")

Ultimately, as Magistrate Judge Arenas stated in the R&R, this case is a good example of the constraints placed upon the Court's review of a decision of the Commissioner. *See* **ECF No. 20** at 8. Because substantial evidence supports the decision here, this Court's hands are tied. *See Manso-Pizarro*, 76 F.3d at 16. This is even more so given that plaintiff has chosen not to file any objections to the R&R. *See Santiago*, 138 F.3d at 4. With these two significant constraints on the Court's review, whether proceedings were close before the ALJ is now irrelevant and the decision of defendant must be affirmed.

**V.    Conclusion**

After careful consideration of the law, the administrative record, the parties' pleadings, and the unopposed R&R, the Court **ADOPTS IN FULL** Magistrate Judge Arenas' findings and recommendation (**ECF No. 20**) to dismiss this case and affirm defendant's determination that plaintiff is not disabled. The Clerk is **ORDERED** to close this case and enter judgment accordingly.

**SO ORDERED.**

At San Juan, Puerto Rico, this 10th day of March, 2015.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**